Michael W. Fattorosi, Esq., SBN 193538
michael@fattlegal.com
LAW OFFICES OF MICHAEL W. FATTOROSI
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
(818) 881-8500, Fax: (818) 881-9008

Attorneys for Plaintiff, XPAYS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XPAYS, INC., a Delaware Corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>DOES 1 through 995,<br><br>         Defendants. | CASE NO. CV 11-05880 ODW (FFMx)<br><br>[Assigned to the Honorable Otis D. Wright II, Courtroom 11]<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY; [PROPOSED] ORDER**<br><br>Complaint Filed:   July 18, 2011<br>Trial Date:                     Not Set |

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

   NOTICE IS HEREBY GIVEN that, pursuant Federal Rule of Procedure, Rule 26(d)(1), Plaintiff, XPAYS, INC. respectfully applies ex parte for an Order allowing Plaintiff to take immediate discovery.

   Good cause exists for this ex parte application inasmuch as each of the DOE defendants identified in the Complaint are currently known to Plaintiff only by his/her Internet Protocol ("IP") address. Discovery is needed to identify said DOE defendants so that Plaintiff may proceed against them in this matter. Specifically, Plaintiff seeks to subpoena the identifying information for the DOE defendants from the respective defendants' Internet Service Providers ("ISPs").

1     Notice of this ex parte application was not given because no defendant has been
2 served in this action and Plaintiff currently does not have the contact information for any
3 defendant.
4     This application is based upon this Notice of Application, the accompanying
5 Memorandum of Points and Authorities, the records and files of this Court, and all other
6 matters of which the Court may take judicial notice.

8 Dated: July 20, 2011           By:   /s/ Michael W. Fattorosi
                                                       Michael W. Fattorosi, Attorney for
9                                                      Plaintiff, XPAYS, INC., a Delaware
                                                     Corporation

**PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, XPAYS, INC., by and through undersigned counsel, brings this ex parte application for an Order allowing Plaintiff to take immediate discovery.

## I.

## INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff XPAYS, INC. is a Delaware Corporation with its principal place of business in San Francisco County, California. Plaintiff was and is in the business of licensing, marketing and otherwise exploiting adult entertainment motion pictures in various media. In particular, Plaintiff is the owner of rights in the valid registered copyright for the motion picture entitled "Home Video," also known as the "Paris Hilton Sex Tape" (hereinafter referred to as the "Motion Picture"), United States Copyright Registration Number PAu2-780-223.

Defendant DOES 1 through 995 are individuals whose true names and addresses are currently unknown to Plaintiff. DOES 1 though 995 have unlawfully reproduced and distributed the Motion Picture on the Internet without authorization from Plaintiff. However, Plaintiff can only identify these particular infringers by way of further investigation. As such, Plaintiff wishes to take early discovery to further identify these defendants.

Information will be requested in later subpoenas issued to cable operators and Internet Service Providers ("ISPs") which is governed by 47 U.S.C. § 551. This statute prohibits cable operators from disclosing personally identifiable information pertaining to subscribers without the subscriber's express consent unless there is "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

Accordingly, Plaintiff requests that the Court issue an Order allowing Plaintiff to issue subpoenas to cable operators and ISPs instructing them to produce any and all documents and/or information sufficient to identify the DOE defendants in this matter.

///

## II.

## EX PARTE RELIEF IS WARRANTED

Pursuant to Fed.R.Civ.P. Rule 26(d)(1):

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Currently Plaintiff is unable to identify the DOE defendants other than by their IP addresses. Discovery is needed to in order to allow Plaintiff to subpoena information identifying said DOES in order to proceed with the litigation of this matter. Without such information, Plaintiff is unable to serve the Summons and Complaint or in any other way proceed with the litigation of this matter against the DOE defendants. The only known means for Plaintiff to identify the DOE defendants is through such discovery. Therefore, because ex parte relief is warranted, the Court should grant Plaintiff's ex parte application.

## III.

## ARGUMENT

**A.  Good Cause Exists for the Court to Order Immediate Discovery**

The Federal Rules of Civil Procedure allow for discovery prior to a Rule 26(f) scheduling conference upon a showing of good cause. *Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

> Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party . . . Good cause is frequently found in cases involving claims of infringement . . .

*Id.* at 276. There is no prejudice to the DOE defendants, as the early discovery would merely allow them to be identified earlier.

More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal.

1  1999). Accordingly, courts have developed the following factors to consider when
2  granting motions for expedited discovery to identify anonymous Internet users: (1)
3  whether the plaintiff can identify the missing party with sufficient specificity such that
4  the court can determine that defendant is a real person or entity who could be sued in
5  federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant;
6  and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Id.* at 578-80.
7  Each of these factors resolves in favor of granting Plaintiff's requested relief.

8        First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff
9  could sue in Federal Court. Plaintiff observed and documented infringement of its
10 registered works by the individuals pseudonymously identified as DOES in the
11 Complaint. The recorded IP addresses of such DOES are set forth in Exhibit "A" to the
12 Complaint. Plaintiff is informed and believes that each DOE defendant is a California
13 resident. The requested discovery is necessary for Plaintiff to determine the identifying
14 information of such DOES so that Plaintiff may litigate this matter against them.

15       Second, there are no other practical measures Plaintiff could take to identify these
16 Defendants. Plaintiff is aware of no available information that would identify the
17 infringing users, other than information maintained by the cable operators and ISPs.
18 Due to the nature of on-line transactions, Plaintiff has no way of determining
19 Defendants' identities except through subpoenaing this information. There is no
20 prejudice to the DOE defendants by allowing the early discovery, as the early discovery
21 would merely allow them to be identified without delay.

22       Third, Plaintiff has asserted a prima facie claim for copyright infringement in its
23 Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that
24 (a) it owns and has registered the copyright in the work at issue and (b) the DOE
25 Defendants made unauthorized reproductions of those works and distributed them
26 without Plaintiff's authorization. These allegations state a claim for copyright
27 infringement. 17 U.S.C. § 106(1)(3).
28 ///

When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from ISP to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates Plaintiff's legitimate interest in identifying the personally identifying information for the individuals who infringed upon its copyrighted works. Thus, the Court should grant the instant ex parte application.

**B.     Request For Discovery**

In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about [the] defendant that would make service of process possible." *Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980).

The infringement and other wrongful acts at issue in this action occurred through the unlawful reproduction and distribution of Plaintiff's copyrighted works on the Internet. Individuals gain access to the Internet through an Internet Service Provider (ISP). When an ISP provides Internet access to a subscriber, it does so through a modem located at the subscriber's home or office. Each time the subscriber accesses the Internet, the ISP provides a unique number to the subscriber called an Internet protocol (IP) address. This is somewhat akin to a telephone number. The IP address for a subscriber may stay the same (a static IP address) or it may change from time to time (a dynamic IP address). ISPs generally record the times and dates it assigns each IP address to a subscriber.

Online technology used to engage in unlawful online copyright theft relies on the ability to identify the computers to and from which users search and exchange files. The technology identifies those computers through the IP address from which the computer connects to the Internet. In this manner, the ISPs has records of the IP addresses from

which individuals accessed the Internet for the purpose of unlawfully reproducing and distributing Plaintiff's works.

Plaintiff has, with reasonable certainty, determined which ISP controls each DOE defendant's IP address. Plaintiff seeks to subpoena the identifying information of the DOE defendants from such relevant ISPs.

Based thereon, Plaintiff requests that the Court issue an order allowing Plaintiff to serve a subpoena on the relevant ISPs requesting the specific subscriber information necessary to identify the DOE defendants. Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some ISPs are also cable operators, Plaintiff requests that the Order state clearly that the Court contemplated the Cable Privacy Act and that the order specifically complies with the Act's requirements. *See*, 47 U.S.C. §551.

## IV.
## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court issue an Order allowing early discovery and instructing any relevant ISPs identified to produce any and all documents and/or information sufficient to identify the DOE defendants.

Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted works.

Such discovery should be conditioned on (a) the ISPs having 7 calendar days after service of the subpoenas to notify the subscriber that their identity is sought by Plaintiff, and (b) each subscriber whose identity is sought having 21 calendar days from the date of such notice to file any papers contesting the subpoena.

///
///
///

**PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY**

Plaintiff requests that the Order state clearly that the Court contemplated the Cable Privacy Act and that the order specifically complies with the Act's requirements. *See*, 47 U.S.C. §551.

Dated: July 20, 2011                By:   /s/ Michael W. Fattorosi
                                          Michael W. Fattorosi, Attorney for Plaintiff, XPAYS, INC., a Delaware Corporation


# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing documents described as **PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY; [PROPOSED] ORDER** with the Clerk of the Court for the United States District Court for the Central District of California by using the appellate CM/ECF system on July 20, 2011.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed on July 20, 2011, at Woodland Hills, California.

/s/ Michael W. Fattorosi
MICHAEL W. FATTOROSI