Michael D. Kuznetsky, Esq., SBN 241045
mike@kuzlaw.com
KUZNETSKY LAW GROUP, P.C.
10 Universal City Plaza, Suite 2000
Universal City, CA 91608
(818) 753-2450, Fax: (818) 736-9099

Michael W. Fattorosi, Esq., SBN 193538
michael@fattlegal.com
LAW OFFICES OF MICHAEL W. FATTOROSI
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
(818) 881-8500, Fax: (818) 881-9008

Attorneys for Plaintiff, XPAYS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XPAYS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1 through 995,<br><br>Defendants. | CASE NO. CV 11-5880 ODW (FFMx)<br><br>[Assigned to the Honorable Otis D. Wright II, Courtroom 11]<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO QUASH OR DISMISS SUBPOENA**<br><br>Date: October 25, 2011<br>Time: 10:00 a.m.<br>Courtroom: E, 312 N. Spring Street, Los Angeles, CA |

///

///

///

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiff, XPAYS, INC. submits the following Memorandum of Points and Authorities in opposition to Defendant's Motion to Quash or Dismiss Subpoena ("Motion") as follows.

## I.
## INTRODUCTION

Sofia Abuda ("Movant") claiming to be Doe 148 in this matter, has filed her Motion to quash an outstanding nonparty subpoena issued by Plaintiff to Verizon Online LLC ("Verizon") by and through its attorneys Law Offices of Michael W. Fattorosi. The Motion is fatally flawed in that it provides no basis for a motion to quash pursuant to Fed.R.Civ.P. 45(c)(3). Instead, it makes three unrelated arguments that the subpoena should be quashed because of improper joinder, Movant's alleged innocence, and the evidentiary weight of Plaintiffs' copyright. However, these arguments fail to entitle Movant to the requested relief or any other relief. Thus, the Motion should be denied.

## II.
## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

The Complaint in this matter was filed on July 18, 2011. The Complaint alleges (1) copyright infringement, (2) contributory copyright infringement, and (3) unfair business practices as a result of each defendant's unauthorized and unlawful distribution of Plaintiff's motion picture. In particular, the third cause of action is based upon each defendant's alleged criminal violation of the federal record-keeping requirements set forth in 18 U.S.C. § 2257 and 28 C.F.R. §§ 75, et seq. as a "secondary producer" (as that term is defined in 28 C.F.R. § 75.1(c)(2)) of the at-issue motion picture. At the time of the filing of the Complaint, the defendants were known to Plaintiff only by the ("IP") address assigned to each defendant by his or her Internet Service Provider ("ISP") on the date and time at which the infringing activity of each defendant was observed. Based thereon, these defendants were named as Doe Defendants.

On July 20, 2011, Plaintiff filed an ex parte application for expedited discovery [DE 6] for the purpose of subpoenaing the identifying information for the Doe Defendants from their respective ISPs. On July 21, 2011, the Court issued an Order granting Plaintiff's application for early discovery. Thereafter, subpoenas were issued by Plaintiff to the relevant ISPs, including Verizon, for each Doe defendant's Internet subscriber information.

Movant's Motion [DE 16] was manually filed with the Clerk of the Court on September 22, 2011.

## III.

## **DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE THERE IS NO EXPECTATION OF PRIVACY IN INTERNET SUBSCRIBER INFORMATION**

The Motion sets forth that it was filed pursuant to Fed.R.Civ.P. 45(c)(3), "pursuant to the personal right and privilege of protection of information and identity." (Motion, DE 16, ¶1). The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed.R.Civ.P. 45(c)(3). Pursuant to the Motion itself, Movant's only basis for quashing the subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(A)(iii). No other grounds under 45(c)(3) are claimed by Movant nor would apply.

The Motion is fatally flawed in that it rests on a meritless legal argument: namely, the argument that Movant has a right to privacy in her Internet subscriber information.

> Federal courts that have considered the question have unanimously held that a person has no expectation of privacy in Internet subscriber information. See *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir.2001); *Freedman v. America Online, Inc.*, 412 F.Supp.2d 174, 181 (D.Conn.2005); *United States v. Sherr*, 400 F.Supp.2d 843, 848 (D.Md.2005); *United States v. Cox*, 190 F.Supp.2d 330, 332 (N.D.N.Y.2002); *United States v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kans.2000); *United States v. Hambrick*, 55 F.Supp.2d 504, 508-09 (W.D.Va.1999), aff'd 225 F.3d 656 (4th Cir.2000). These cases draw on settled federal law that a person has no reasonable expectation of privacy in information exposed to third parties, like a telephone company or bank.

> See *Smith v. Maryland*, 442 U.S. 735, 742, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979) (finding no privacy interest in telephone numbers dialed); *United States v. Miller*, 425 U.S. 435, 442, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976) (finding no privacy interest in bank records).

*Courtright v. Madigan*, 2009 WL 3713654 (S.D.Ill, 2009); *see also Voltage Pictures, LLC v. Does 1-5,000*, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011).

     The at-issue subpoena requests Movant's Internet subscriber information from Verizon, Movant's purported ISP. The reasoning of *Couright* is directly applicable to the facts in this matter. Movant is claiming that her personal Internet subscriber information is private and privileged information. However, Movant has provided this information to Verizon, a third-party ISP. Thus, like in *Couright*, Movant has no expectation of privacy in her Internet subscriber information. No other privilege is cited or would apply.

     As Movant's Internet subscriber information is neither private or privileged, Movant is not entitled to relieve under Fed.R.Civ.P. 45(c)(3) and the Motion should be denied.

## IV.

## THE MOTION'S ARGUMENTS CONCERNING JOINDER, INNOCENCE AND EVIDENCE OF A VALID COPYRIGHT DO NOT PROVIDE A BASIS FOR QUASHING THE SUBPOENA

     Despite the fact that the Motion sets forth no appropriate grounds for the subpoena to be quashed, Movant sets forth three arguments allegedly in support of the Motion as follows: (1) Plaintiff has not established proper joinder under Fed.R.Civ.P. 20(a)(2), (2) Movant claims she is innocent, and (3) the copyright in the at-issue work is not entitled to *prima facie* evidence of the validity of the copyright. Each of these arguments fails to provide Movant a basis for any relief.

///

///

///

A. **Movant's Misjoinder Argument Fails Because it Is Premature and Because of the Implication of 18 U.S.C. § 2257**

Movant cites several District Court cases from the Northern District of California for the proposition that merely alleging the use of BitTorrent to download the same motion picture is insufficient to establish joinder amongst defendants. This argument fails for two reasons: (1) it is premature while the discovery of Doe Defendants' identities is underway and (2) the cases cited by Movant apply to causes of action for copyright infringement but fail to address the third cause of action which implicates concerns regarding sexually explicit content and the record-keeping requirements of 18 U.S.C. § 2257.

 1. **Movant's misjoinder argument fails because it is premature at this stage of the proceedings.**

Movant's the misjoinder argument is premature. Plaintiff's allegations that the Doe Defendants have infringed Plaintiff's copyrighted motion picture through the same file-sharing protocol has been held sufficient to sustain joinder while discovery of Doe Defendants' identities is underway. *MCGIP, LLC v. Does 1-18*, 2011 WL 218160 at *4 (N.D. Cal. June 2, 2011)). Thus, Movant can only raise her misjoinder claim after the Doe Defendants have been named and served.

Some courts have accepted the assertion that Doe defendants who have participated in the same swarm to download a copyrighted work may properly be joined under Rule 20(a), notwithstanding the authority that reaches a contrary conclusion with respect to earlier peer-to-peer technologies. See, e.g., *MCGIP, LLC. v. Does 1-18*, 2011 WL 2181620 (N.D. Cal. June 2, 2011); *Voltage Pictures, LLC v. Does 1-5,000*, 2011 WL 1807438 at *5 (D.D.C. May 12, 2011); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332 (D.D.C. Mar. 22, 2011).

In *MCGIP*, the court denied a Doe defendant's motion to quash a subpoena issued by the plaintiff to the Doe defendants' ISPs seeking to identify the Doe defendants in the case. *MCGIP*, 2011 WL 2181620 at *1. The court rejected the Doe defendant's

5

1 argument that the motion to quash should be granted on the basis of improper joinder, reasoning that while joinder might be found improper at a later stage of the case, when the identities of the Does had been determined, the allegation "that the Doe [d]efendants have infringed [p]laintiff's copyright through 'the same file sharing software program [i.e., BitTorrent] that operates through simultaneous and sequential computer connections and data transfers among the users'" was sufficient to satisfy Rule 20(a) at the pleading stage. *Id.*

Similarly, in *Voltage*, the court found joinder under Rule 20(a)(2) was proper where the Doe defendants allegedly downloaded and distributed plaintiff's copyrighted movie using BitTorrent technology. *See Voltage*, 2011 WL 1807438 at *5. After the court granted the plaintiff leave to subpoena the ISPs in order to identify the putative defendants, 119 putative defendants filed motions to quash the plaintiff's subpoenas. *Id.* at *1-2. Seven of the putative defendants argued that they should be dismissed for improper joinder. *Id.* at *4. The court, however, found joinder to be proper. *Id.* In permitting Rule 20(a)(2) joinder, the court relied on the standard set forth in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966), where the Court held that "[u]nder the [Federal] Rules [of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am.*, 383 U.S. at 724. The court also cited Rule 20(a)(2)(A), stating that it "essentially requires claims asserted against joined parties to be 'logically related.'" *Voltage*, 2011 WL 1807438, at *5 (citing *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004)). The *Voltage* court stated:

> the plaintiff allege[d] that the putative defendants used the BitTorrent file-sharing protocol to distribute illegally the plaintiff's motion picture . . . This file-sharing protocol 'makes every downloader also an uploader of the illegally transferred file(s). This means that every . . . user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.'

*Id.* (quoting plaintiff's complaint). The court therefore permitted the Rule 20(a)(2) joinder because

> [b]ased on [plaintiff's allegations], the plaintiff's claims against the putative defendants are logically related at this stage in the litigation. . . . [and] at this procedural juncture the plaintiff has sufficiently alleged that its claims against the putative defendants potentially stem from the same transaction or occurrence, and are logically related.

*Id.*

Finally, in *Call of the Wild Movie*, after granting the plaintiffs' motion for expedited discovery to obtain identifying information about the Doe defendants in three pending copyright infringement cases, the court denied the ISPs' motion to quash or modify the subpoena. *Call of the Wild Movie*, 770 F. Supp. 2d at 338. The ISPs and amici urged the court to quash the subpoenas based, in part, upon improper joinder, arguing "that engaging in 'separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement' does not satisfy Rule(a)(2)(A)'s requirement that the claim asserted against the joined defendants arise out of the same transaction, occurrence, or series of transactions or occurrences.'" *Id.* at 342-43. However the court rejected this argument. Like the *Voltage* court, the court in *Call of the Wild Movies* found that Rule 20(a)(2)(A) "essentially requires claims asserted against joined parties to be 'logically related' . . . [and that] [t]his is a flexible test and courts seek the 'broadest possible scope of action.'" *Id.* at 342 (citing *Disparte*, 223 F.R.D. at 10; *Lane v. Tschetter*, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007)). The court then found plaintiffs' allegation

> that the BitTorrent file-sharing protocol 'makes every downloader also an uploader of the illegally transferred file(s)'. . . [and] that the 'nature of a BitTorrent protocol [is that] any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file'

was sufficient to establish that "the plaintiffs' claims against the defendants are logically related." *Call of the Wild*, 770 F. Supp. 2d at 343 (quoting complaint). The court

7

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO QUASH OR DISMISS SUBPOENA**

further found the plaintiffs met the requirement that the claims against the putative defendants contain a common question of law or fact, and that joinder would not prejudice the parties or result in needless delay. *Id.* While the court recognized "that each putative defendant may later present different factual and substantive legal defenses . . . that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)." *Id.* at 344.

Thus, like in *MCGIP*, *Voltage* and *Call of the Wild*, Plaintiff has properly alleged sufficient facts to permit joinder of the Doe Defendants at this stage of the litigation. *See* Complaint, ¶¶ 18-22. Specifically, like in *Voltage*, Plaintiff has alleged that, "The effect of this [BitTorrent] technology makes every downloader also an uploader of the content." Complaint ¶ 21. Thus, like in *MCGIP*, *Voltage* and *Call of the Wild*, Movant's improper joinder argument is premature at this stage of the pleadings and should be denied.

### 2. Movant's misjoinder argument fails because of 18 U.S.C. § 2257.

Unlike any of the cases cited by Movant, the Complaint in this matter sets forth a cause of action for unfair business practices based upon each Doe Defendant's criminal violation of the federal record-keeping requirements set forth in 18 U.S.C. § 2257 and 28 C.F.R. §§ 75, et seq. Considered in light of these laws, the Doe Defendants' actions must arise from at least the same series of transactions or occurrences. To hold otherwise would provide producers of sexually explicit content a technological loophole to avoid compliance with these laws. Accordingly, the Doe Defendants are properly joined in this matter.

A summary of the history and purpose of 18 U.S.C. § 2257 is set forth in *Connection Distributing Co. v. Holder*, 557 F.3d 321, 324-326 (6th Cir. 2009) and *Free speech Coalition v. Gonzales*, 483 F.Supp.2d 1069, 1073-1074 (10th Cir. 2007). In essence, 18 U.S.C. § 2257 is the codification of the Child Protection and Obscenity Enforcement Act (the "Act"), passed in 1998. This law was passed to address concerns concerning the production of child pornography by creating reporting and verification

requirements for producers of sexually explicit content. *Connection Distributing*, 557 F.3d at 325. Such sexually explicit content includes computer-based images, as well as non-commercial pornography (that is, pornography distributed for non-pecuniary purposes). *Id.* at 326, 338. Significantly, even parts of pictures implicate the Act. *Id.* at 332.

The Act applies to both "primary" and "secondary" producers of sexually explicit content. *Id.* at 325. Under the regulations, a "secondary producer" includes "any person who assembles, . . . publishes, duplicates, [or] reproduces" sexually explicit films. 28 C.F.R. § 75.1(c)(2). A "secondary producer" also includes any person who enters into a conspiracy to do any of these acts. *Id.*

As alleged in the Complaint, each of the Doe Defendants have downloaded the at-issue sexually explicit motion picture via BitTorrent. Complaint ¶¶ 18-22. Specifically, files are downloaded and uploaded by each Doe Defendant in hundreds of individual pieces. *Id.* at 21. In doing so, each Doe Defendant is assembling, publishing, duplicating and/or reproducing the sexually explicit motion picture. Due to the nature of the BitTorrent program, each Doe Defendant has effectively conspired to do so as well.

Based on these actions, the Doe Defendants are secondary producers of the content by definition pursuant to 28 C.F.R. § 75.1(c)(2). To hold otherwise would mean that "secondary producers" of explicit content would be able to distribute their work via BitTorrent without complying with Act. Clearly this flies in the face of the plain language and purpose of the Act.

Further, the distribution of the motion picture via BitTorrent by numerous people over time must be seen to be arising from at least the same series of transactions or occurrences. To hold otherwise would create perverse results for the distribution of sexually explicit content. For example, it would allow multiple "secondary producers" of sexually explicit content who are unknown to each other to each distribute small portions of the content via BitTorrent over time without complying with the Act. Each

1 piece of the content could be so small, a pixel even, so as to not implicate the Act on its own. However, once assembled by the BitTorrent program, it would allow for the viewing of the content as a whole. Once assembled, the entirety of this content would require compliance with the 18 U.S.C. § 2257. This is problematic in that it is unclear which of the multiple "secondary producers" would be responsible for compliance with the Act. The language of the Act indicates that they all have this responsibility. *See Connection Distributing*, 557 F.3d at 332 (even parts of pictures implicate the Act). To hold otherwise would mean none of them do. Such a holding would lead to further due process implications in that "primary producers" are forced to bare the expense of complying with the Act whereas "secondary producers" are not forced to do the same even though the Act requires it.

Thus, to provide uniformity with the Act, the Doe Defendants must have acted at least pursuant to the same series of transactions or occurrences as "secondary producers" of the content. To hold otherwise creates a loophole for the distribution of sexually explicit content without compliance with the Act. Accordingly, the Movant's argument about improper joinder fails.

**B.     Movant's Argument Concerning Her Purported Innocence Is Premature and Does Not Provide a Basis for Quashing a Subpoena.**

Movant claims that she is innocent of the alleged infringement

> A general denial of liability, however, is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information. That would deny the plaintiff access to the information critical to bringing these individuals properly into the lawsuit to address the merits of both the plaintiff's claim and their defenses. *See Achte/Neunte Boll Kino Beteiligungs Gmbh & Co., Kg. v. Does 1–4*,577, 736 F.Supp.2d 212, 215 (D.D.C.2010) (denying motions to quash filed by putative defendants in BitTorrent file-sharing case and stating that putative defendants' "denial of liability may have merit, [but] the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. In other words, they may have valid defenses to this suit, but such defenses are not at issue [before the putative defendants are named parties]."); see also *Fonovisa, Inc. v. Does 1–9*, No. 07–1515, 2008 WL 919701, at *8 (W.D.Pa. Apr. 3, 2008) (if a putative defendant "believes that it has been improperly identified by the ISP, [the putative defendant] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.")

1  *Voltage Pictures, LLC*, 2011 WL 1807438, at *2.

2      Plaintiff cannot identify the actual infringers nor decide whether to bring them into the lawsuit without first obtaining their identities. To do so, Plaintiff must be allowed to gather information about the account holders. Thus, the allegation of innocence is insufficient as a basis for a motion to quash.

**C. Movant's Argument Concerning the Copyright Registration Is Frivolous and Does Not Provide a Basis for Quashing a Subpoena.**

    Movant asks the court to use its own discretion when viewing the evidentiary weight given to the validity of the copyright. This is a frivolous argument that presents no evidence that would call into question the validity of the at-issue copyright. Instead, Movant tries to attack the presumption of validity of the copyright registration with nothing more than hearsay evidence, which Plaintiff expressly objects to. Instead, the copyright certificate, as well as the Plaintiff's chain of title of in the copyright, is alleged and evidenced in detail within the Complaint. Further, this argument provides no basis to quash the subpoena. *See, e.g., Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 621 (9th Cir. 2010).

## V.
## CONCLUSION

    Movant has failed to cite any authority to provide a basis for quashing the subpoena pursuant to Fed.R.Civ.P. 45(c)(3). Based on the foregoing, Movant's Motion should be denied.

Dated: October 4, 2011        KUZNETSKY LAW GROUP, P.C.

                                      By:  /s/ Michael D. Kuznetsky
                                             Michael D. Kuznetsky, Attorney for Plaintiff, XPAYS, INC., a Delaware Corporation

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10 Universal City Plaza, Suite 2000, Universal City, CA 91608.

    On October 4, 2011, I served the foregoing document described as **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO QUASH OR DISMISS SUBPOENA; (IN CHAMBERS) ORDER SETTING HEARING DATE ON DEFENDANT'S MOTION TO DISMISS OR MOTION TO QUASH SUBPOENA** on the interested parties in this action:

___ By placing __ the original __ true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

_X_ By placing __ the original _X_ true copies thereof enclosed in sealed envelopes addressed as follows:

Sofia Abuda
P.O. Box 4384
Panorama City, CA 91402

_X_ (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Toluca Lake, California in the ordinary course of business. I am aware that on a motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ (FACSIMILE) By causing a true and correct copy of same to be sent by facsimile to the addressee(s).

___ (PERSONAL SERVICE) By causing such envelope to be delivered by hand to the office(s) of the addressee(s).

    Executed on October 4, 2011, at Toluca Lake, California.

_X_ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___ I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

  /s/ Michael D. Kuznetsky
MICHAEL KUZNETSKY