1   Michael D. Kuznetsky, Esq., SBN 241045
    mike@kuzlaw.com
2   KUZNETSKY LAW GROUP, P.C.
    10 Universal City Plaza, Suite 2000
3   Universal City, CA 91608
    (818) 753-2450, Fax: (818) 736-9099
4
    Michael W. Fattorosi, Esq., SBN 193538
5   michael@fattlegal.com
    LAW OFFICES OF MICHAEL W. FATTOROSI
6   5850 Canoga Avenue, Suite 400
    Woodland Hills, California 91367
7   (818) 881-8500, Fax: (818) 881-9008

8   Attorneys for Plaintiff, XPAYS, INC.

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  XPAYS, INC., a Delaware Corporation,     ) CASE NO. CV 11-5880 ODW
                                             ) (FFMx)
14                          Plaintiff,       )
                                             ) [Assigned to the Honorable Otis D.
15  vs.                                      ) Wright II, Courtroom 11]
                                             )
16  DOES 1 through 995,                      ) **PLAINTIFF'S MEMORANDUM**
                                             ) **OF POINTS AND**
17                          Defendants.      ) **AUTHORITIES IN**
                                             ) **OPPOSITION TO MOTION TO**
18                                           ) **QUASH SUBPOENA AND**
    _____) **SEVER DEFENDANTS**
19
                                             Date:      November 21, 2011
20                                           Time:      10:00 a.m.
                                             Courtroom: E, 312 N. Spring Street,
21                                                      Los Angeles, CA

22                                           Complaint Filed:   July 18, 2011
                                             Trial Date:        Not Set
23

24  ///

25  ///

26  ///

27

28
                                    1
    **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
    MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>TABLE OF CONTENTS</u>**

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**<u>Description</u>**                                                                                      **<u>Pages</u>**

Table of Contents  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   STATEMENT OF RELEVANT FACTS AND PROCEDURAL
      HISTORY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  THE MOTION SHOULD BE DENIED IN FULL BECAUSE IT WAS
      FILED IN VIOLATION OF THE LOCAL RULES, THE FEDERAL
      RULES OF CIVIL PROCEDURE, AND PLAINTIFF'S DUE PROCESS
      RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    The Motion Should Be Stricken Because it Was Not Signed by
            Counsel as Required by Fed.R.Civ.P. 11(a), Local Rule 11-1 and
            General Order 10-07, II(F) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.    The Motion Should Be Denied Because Defendant's Counsel
            Did Not Meet and Confer Prior to Filing the Motion Pursuant to
            Local Rule 7-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      C.    The Motion Should Be Denied Because it Does Not Give Proper
            Notice to Plaintiff as Required by Local Rule 6 and Fundamental
            Due Process. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   DEFENDANT'S MOTION TO QUASH SHOULD BE DENIED BECAUSE
      IT PROVIDES NO BASIS TO QUASH THE SUBPOENA OR FOR THE
      COURT TO ISSUE A PROTECTIVE ORDER . . . . . . . . . . . . . . . . . . . . 5

      A.    The Motion to Quash Should Be Denied Because it Places No Burden
            on the Moving Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      B.    The Motion to Quash Should Be Denied Because There Is No
            Expectation of Privacy in Internet Subscriber Information . . . . . . . . . 6

      C.    The Motion for a Protective Order Should Be Denied Because Counsel
            Did Not Properly Meet and Confer  . . . . . . . . . . . . . . . . . . . . . . . . 7

      D.    Defendant's Motion to Quash Should Be Denied Because it Is Brought
            in the Wrong Forum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      E.    The Motion's Rule 11 Request Should Be Denied as Frivolous . . . . . . 7

/// 
/// 
/// 

i

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

1

V.    MOVANT'S IMPROPER JOINDER ARGUMENT FAILS BECAUSE
      IT IS PREMATURE AND BECAUSE OF THE IMPLICATION OF

2     18 U.S.C. § 2257 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

3        A.    Movant's Misjoinder Argument Fails Because it Is Premature at this
               Stage of the Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4
         B.    Movant's Misjoinder Argument Fails Because of 18 U.S.C. § 2257  .  11
5
         C.    Movant's Due Process Arguments Are Unevidenced and Frivolous  .  13
6
      VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

7
/// 
8
///
9
///
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

1

# <u>TABLE OF AUTHORITIES</u>

2

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

3

<u>Cases</u>                                                                                            <u>Pages</u>

4

*Best Western Int'l v. Doe,*
   2006 U.S. Dist. LEXIS 56014 (D. Ariz. July 25, 2006) . . . . . . . . . . . . . . . . 7

5

*Call of the Wild Movie, LLC v. Does 1-1,062,*
6   770 F. Supp. 2d 332 (D.D.C. Mar. 22, 2011) . . . . . . . . . . . . . . . . . . . 9, 10, 11

7

*Connection Distributing Co. v. Holder,*
   557 F.3d 321 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

8

*Courtright v. Madigan,*
9   2009 WL 3713654 (S.D.Ill, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10

*Freedman v. America Online, Inc.,*
   412 F.Supp.2d 174 (D.Conn.2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11

*Free Speech Coalition v. Gonzales,*
12   483 F.Supp.2d 1069 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

13

*Guest v. Leis,*
   255 F.3d 325 (6th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

14

*MCGIP, LLC v. Does 1-18,*
15   2011 WL 218160 (N.D. Cal. June 2, 2011) . . . . . . . . . . . . . . . . . . . . . . 8, 9

16

*Mullane v. Central Hanover Bank & Trust Co.,*
   339 U.S. 306 (1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

17

*Platinum Air Charters, LLC v. Aviation Ventures, Inc.,*
18   2007 U.S. Dist. LEXIS 2298 (D. Nev. Jan. 10, 2007) . . . . . . . . . . . . . . . 7

19

*Smith v. Maryland,*
   442 U.S. 735 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

20

*Teoco Corp. v. Razorsight Corp.,*
21   2008 U.S. Dist. LEXIS 109370 (N.D. Cal. Mar. 17, 2008) . . . . . . . . . . . . . 7

22

*United Mine Workers of Am. v. Gibbs,*
   383 U.S. 715 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

23

*United States v. Cox,*
24   190 F.Supp.2d 330 (N.D.N.Y.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

25

*United States v. Hambrick,*
   55 F.Supp.2d 504 (W.D.Va.1999), aff'd 225 F.3d 656 (4th Cir.2000) . . . . . . 6

26

*United States v. Kennedy,*
27   81 F.Supp.2d 1103 (D.Kans.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28

*///*

iii

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

*United States v. Miller*,
  425 U.S. 435 (1976)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Sherr*,
  400 F.Supp.2d 843 (D.Md.2005)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Voltage Pictures, LLC v. Does 1-5,000*,
  2011 WL 1807438 (D.D.C. May 12, 2011)  . . . . . . . . . . . . . . . . . . . 6, 8, 9, 10

**Constitutional Amendments**

Fourteenth Amendment to the United States Constitution  . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**

18 U.S.C. § 2257  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

28 C.F.R. §§ 75, et seq.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 C.F.R. § 75.1(c)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Federal Rules**

Federal Rule of Civil Procedure 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

Federal Rule of Civil Procedure 20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10, 11

Federal Rule of Civil Procedure 26(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Federal Rule of Civil Procedure 45(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rule of Civil Procedure 45(c)(1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Federal Rule of Civil Procedure 45(c)(2)(B)  . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Local Rules**

Local Rule 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Local Rule 7-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Local Rule 7-9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Local Rule 11-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**General Orders**

General Order 10-07  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

iv

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

1 **TO ALL INTERESTED PARTIES HEREIN AND TO THEIR RESPECTIVE**

2 **ATTORNEYS OF RECORD:**

3        Plaintiff, XPAYS, INC. submits the following Memorandum of Points and

4 Authorities in opposition to Defendant's Motion to Quash Subpoena or Sever

5 Defendants ("Motion") as follows.

6                                          **I.**

7                               **INTRODUCTION**

8        The moving party ("Movant") has filed a motion to quash an outstanding nonparty

9 subpoena issued by Plaintiff to Verizon Online LLC ("Verizon") by and through its

10 attorneys Law Offices of Michael W. Fattorosi.  Further, the Motion seeks to sever

11 defendants.  However, the Motion is fatally flawed.  First, it was filed in violation of the

12 Federal Rules of Civil Procedure, multiple Local Rules and Plaintiff's due process

13 rights.   Second, the Motion provides no basis for a motion to quash pursuant to

14 Fed.R.Civ.P. 45(c)(3) and no basis for a protective order pursuant to Fed.R.Civ.P. 26(c).

15 Third, the arguments concerning improper joinder fail in that they are premature and do

16 not address the third cause of action which implicates concerns regarding sexually

17 explicit content and the record-keeping requirements of 18 U.S.C. § 2257.  Thus, the

18 Motion should be denied.

19                                          **II.**

20        **STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**

21        The Complaint in this matter was filed on July 18, 2011.  The Complaint alleges

22 (1) copyright infringement, (2) contributory copyright infringement, and (3) unfair

23 business practices as a result of each defendant's unauthorized and unlawful distribution

24 of Plaintiff's motion picture.  In particular, the third cause of action is based upon each

25 defendant's alleged criminal violation of the federal record-keeping requirements set

26 forth in 18 U.S.C. § 2257 and 28 C.F.R. §§ 75, et seq. as a "secondary producer" (as that

27 term is defined in 28 C.F.R. § 75.1(c)(2)) of the at-issue motion picture.  At the time of

28 the filing of the Complaint, the defendants were known to Plaintiff only by the ("IP")

<div align="center">2</div>

1   address assigned to each defendant by his or her Internet Service Provider ("ISP") on
2   the date and time at which the infringing activity of each defendant was observed.
3   Based thereon, these defendants were named as Doe Defendants.

4          On July 20, 2011, Plaintiff filed an ex parte application for expedited discovery
5   [DE 6] for the purpose of subpoenaing the identifying information for the Doe
6   Defendants from their respective ISPs.  On July 21, 2011, the Court issued an Order
7   granting Plaintiff's application for early discovery.  Thereafter, subpoenas were issued
8   by Plaintiff to the relevant ISPs, including Verizon, for each Doe defendant's Internet
9   subscriber information.  The at-issue Verizon subpoena was issued from the United
10  States District Court for the Northern District of Texas.

11         On October 25, 2011, United States Magistrate Judge, Frederick F. Mumm,
12  denied a defendant's motion to quash the same at-issue Verizon subpoena [DE 22].

13                                        **III.**

14  **THE MOTION SHOULD BE DENIED IN FULL BECAUSE IT WAS FILED**
15     **IN VIOLATION OF THE LOCAL RULES, THE FEDERAL RULES OF**
16         **CIVIL PROCEDURE, AND PLAINTIFF'S DUE PROCESS RIGHTS**

17  **A.     The Motion Should Be Stricken Because it Was Not Signed by Counsel as**
18  **Required by Fed.R.Civ.P. 11(a), Local Rule 11-1 and General Order 10-07, II(F).**

19         Fed.R.Civ.P. 11(a) provides, in relevant part, "Every pleading, written motion,
20  and other paper must be signed by at least one attorney of record in the attorney's name."
21  Failure to comply with this Rule is grounds for striking the unsigned paper.
22  Fed.R.Civ.P. 11(a).  Likewise, Local Rule 11-1 provides, "All documents, except
23  declarations, shall be signed by the attorney for the party or the party appearing pro se.
24  The name of the person signing the document shall be clearly typed below the signature
25  line."  Pursuant to General Order 10-07, II(F), an "Electronic Signature" must include
26  "the person's representative signature, '/S/ - Name,' or a digitized personal signature or
27  facsimile signature on the signature line of the document."
28  ///

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**
**MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

1   The Declaration of Michael B. Stone in support of the Motion contains an
2   Electronic Signature as defined by General Order 10-07, II(F).  However, the Notice of
3   Motion and Motion is not signed and does not contain such an Electronic Signature.
4   Accordingly, the Motion should be stricken pursuant to Fed.R.Civ.P. 11(a)

5   **B.    The Motion Should Be Denied Because Defendant's Counsel Did Not Meet**
6   **and Confer Prior to Filing the Motion Pursuant to Local Rule 7-3.**

7   Local Rule 7-3 provides that counsel contemplating the filing of a motion shall
8   meet and confer with opposing counsel ten (10) days prior to filing the motion.  Further,
9   the notice of motion must contain a statement about this conference of counsel.  Counsel
10  for the moving party did not meet and confer about the filing of the Motion, nor does
11  the notice of motion contain the required statement pursuant to Local Rule 7-3.  Instead,
12  paragraph 3 of Mr. Stone's declaration admits that he did not meet and confer
13  concerning the motion.  Accordingly, the Motion should be denied.

14  **C.    The Motion Should Be Denied Because it Does Not Give Proper Notice to**
15  **Plaintiff as Required by Local Rule 6 and Fundamental Due Process.**

16  Local Rule 6 provides that a motion "shall" be filed with the Clerk of the Court
17  and served "not later than twenty-eight (28) days" before the date set for hearing.  The
18  Motion was filed and served on October 28, 2011, with a noticed hearing date twenty-
19  four (24) days later – on November 21, 2011.  Thus the Motion was filed without giving
20  Plaintiff proper notice of the motion.

21  As a direct result of not giving Plaintiff's proper notice, Plaintiff are given an
22  unreasonable amount of time to oppose the Motion.  Pursuant to Local Rule 7-9,
23  opposing papers are due twenty-one (21) days before the noticed hearing date.  With a
24  noticed hearing date of November 21, 2011, Plaintiff's opposition is due on October 31,
25  2011 – one (1) business day after the Motion was filed.  The due process clause of the
26  Fourteenth Amendment requires proper notice of a motion, including a reasonable
27  amount of time to oppose it.  *See Mullane v. Central Hanover Bank & Trust Co.*, 339
28  U.S. 306, 314 (1950) (An elementary and fundamental requirement of due process is

4

1  notice reasonably calculated to afford the interested parties a reasonable time to oppose
2  a proceeding.)

3          Accordingly, as the Motion was filed in violation of Local Rule 6, which further
4  violates Plaintiff's due process rights, the Motion should be denied.

5                                              **IV.**

6  **DEFENDANT'S MOTION TO QUASH SHOULD BE DENIED BECAUSE**
7  **IT PROVIDES NO BASIS TO QUASH THE SUBPOENA OR FOR THE**
8  **COURT TO ISSUE A PROTECTIVE ORDER**

9          The Motion requests that this Court quash the subpoena, or alternatively protect
10 the Movant's identity, pursuant to Fed.R.Civ.P., Rules 11(b) and 26(c)(1). Despite only
11 making arguments concerning improper joinder in support of this request, the motion
12 to quash, or alternatively for a protective order, fails for the following reasons: (1) the
13 subpoena places *no* burden on the Movant, let alone an undue one; (2) there is no right
14 to privacy in Internet subscriber information; (3) counsel for the Movant did not meet
15 and confer about a protective order as required by Fed.R.Civ.P. 26(c)(1); (4) the proper
16 forum for the motion to quash is in the United States District Court for the Northern
17 District of Texas; and (5) the Rule 11 argument is frivolous.

18 **A.    The Motion to Quash Should Be Denied Because it Places No Burden on the**
19 **Movant.**

20         Although not explicitly set forth in the motion, the Motion is presumably seeking
21 to quash the subpoena pursuant to Fed.R.Civ.P. 45(c)(1) for being an undue burden to
22 the Movant.  However, the subpoena does not require *any* obligation from the Movant.
23 Rather, the subpoena was directed at the putative defendant's ISP.  Not surprisingly, the
24 Motion does not cite a single fact in support of any burden placed on the Movant by the
25 subpoena.  Further, the Motion makes no legal arguments in support of a motion to
26 quash for undue burden.  Instead, the Motion merely makes arguments concerning
27 improper joinder in purported support of the motion to quash.  Accordingly, as there is
28 ///

                                              5

1    *no* burden on the Movant, let alone any undue one,  Rule 45(c)(1) this provides no basis

2    for the Movant to quash the subpoena.  Thus, the motion to quash should be denied.

3    **B.**      **The Motion to Quash Should Be Denied Because There Is No Expectation of**

4    **Privacy in Internet Subscriber Information.**

5        The Motion alternatively moves for a protective order protecting the Movant's

6    identity pursuant to Fed.R.Civ.P. 26(c)(1).  The Motion cites no facts or law in support

7    of such a protective order.  This is not surprising considering that the law on the issue

8    is well-settled.

> Federal courts that have considered the question have unanimously held that a person has no expectation of privacy in Internet subscriber information. See *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir.2001); *Freedman v. America Online, Inc.*, 412 F.Supp.2d 174, 181 (D.Conn.2005); *United States v. Sherr*, 400 F.Supp.2d 843, 848 (D.Md.2005); *United States v. Cox*, 190 F.Supp.2d 330, 332 (N.D.N.Y.2002); *United States v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kans.2000); *United States v. Hambrick*, 55 F.Supp.2d 504, 508-09 (W.D.Va.1999), aff'd 225 F.3d 656 (4th Cir.2000).  These cases draw on settled federal law that a person has no reasonable expectation of privacy in information exposed to third parties, like a telephone company or bank. See *Smith v. Maryland*, 442 U.S. 735, 742, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979) (finding no privacy interest in telephone numbers dialed); *United States v. Miller*, 425 U.S. 435, 442, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976) (finding no privacy interest in bank records).

17    *Courtright v. Madigan*, 2009 WL 3713654 (S.D.Ill, 2009); *see also Voltage Pictures,*

18    *LLC v. Does 1-5,000*, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011).

19        The at-issue subpoena requests the Movant's Internet subscriber information from

20    Verizon, Movant's purported ISP.  The reasoning of *Couright* is directly applicable to

21    the facts in this matter.  Movant is claiming that his/her personal Internet subscriber

22    information is private and privileged information.  However, Movant has provided this

23    information to Verizon, a third-party ISP.  Thus, like in *Couright*, Movant has no

24    expectation of privacy in his/her Internet subscriber information.  Accordingly, Movant

25    is not entitled to a protective order for his/her identity.

26    ///

27    ///

28    ///

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

**C.     The Motion for a Protective Order Should Be Denied Because Counsel Did Not Properly Meet and Confer.**

A motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed.R.Civ.P. 26(c)(1).  As noted above, Movant's counsel did not meet and confer with Plaintiff's counsel concerning the Motion.  This is admitted by paragraph 3 of Mr. Stone's declaration.  The request for a protective order accordingly does not contain the proper certification.  Accordingly, the request for a protective order should be denied.

**D.     Defendant's Motion to Quash Should Be Denied Because it Is Brought in the Wrong Forum.**

The at-issue subpoena was issued from the United States District Court for the Northern District of Texas.   Pursuant to Fed.R.Civ.P. 45(c)(2)(B), "disputes over discovery from a non-party are decided by the court which issued the subpoena, unless the non-party consents that the matter be resolved by a court in another district." *Teoco Corp. v. Razorsight Corp.*, 2008 U.S. Dist. LEXIS 109370, *2 (N.D. Cal. Mar. 17, 2008). "Rule 45(c) does provide that subpoenas should be enforced by the district court which issued them . . ." *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, 2007 U.S. Dist. LEXIS 2298, *8 (D. Nev. Jan. 10, 2007; *Best Western Int'l v. Doe*, 2006 U.S. Dist. LEXIS 56014, *5 (D. Ariz. July 25, 2006).  In the instant matter, the Movant has provided no evidence that Verizon, the nonparty to whom the subpoena was issued, has consented to this dispute being heard in the United States District Court for the Central District of California.  Instead, it is properly heard in the Northern District of Texas. Thus, the motion to quash should be denied.

**E.     The Motion's Rule 11 Request Should Be Denied as Frivolous.**

The motion made pursuant to Rule 11 is a frivolous one.  Rule 11 motions "must be made separately from any other motion" and have strict notice requirements.  Fed.R.Civ.P. 11(c).  No such separate motion was noticed, filed or served.  Ironically,

7

1  as set forth above, the moving papers were not even signed by counsel pursuant to Rule
2  11.  Thus, the request for relief under Rule 11 must be denied.

3  <center>V.</center>

4  **MOVANT'S IMPROPER JOINDER ARGUMENT FAILS BECAUSE IT IS**
5  **PREMATURE AND BECAUSE OF THE IMPLICATION OF 18 U.S.C. § 2257**

6  Movant cites to a case from the Northern District of California for the proposition
7  that merely alleging the use of BitTorrent to download the same motion picture is
8  insufficient to establish joinder amongst defendants.  This argument fails for two
9  reasons: (1) it is premature while the discovery of Doe Defendants' identities is
10  underway, and (2) the case cited by Movant applies to causes of action for copyright
11  infringement but fails to address the third cause of action which implicates concerns
12  regarding sexually explicit content and the record-keeping requirements of 18 U.S.C.
13  § 2257.  In addition, Movant's purported due process concern is unevidenced and
14  frivolous.

15  **A.**    **Movant's Misjoinder Argument Fails Because it Is Premature at this Stage**
16  **of the Proceedings.**

17  Movant's misjoinder argument is premature.  Plaintiff's allegations that the Doe
18  Defendants have infringed Plaintiff's copyrighted motion picture through the same
19  file-sharing protocol has been held sufficient to sustain joinder while discovery of Doe
20  Defendants' identities is underway. *MCGIP, LLC v. Does 1-18*, 2011 WL 218160 at *4
21  (N.D. Cal. June 2, 2011)).  Thus, Movant can only raise his/sher misjoinder claim after
22  the Doe Defendants have been named and served.

23  Some courts have accepted the assertion that Doe defendants who have
24  participated in the same swarm to download a copyrighted work may properly be joined
25  under Rule 20(a), notwithstanding the authority that reaches a contrary conclusion with
26  respect to earlier peer-to-peer technologies. See, e.g., *MCGIP, LLC. v. Does 1-18*, 2011
27  WL 2181620 (N.D. Cal. June 2, 2011); *Voltage Pictures, LLC v. Does 1-5,000*, 2011
28  ///

<center>8</center>

1  WL 1807438 at *5 (D.D.C. May 12, 2011); *Call of the Wild Movie, LLC v. Does*
2  *1-1,062*, 770 F. Supp. 2d 332 (D.D.C. Mar. 22, 2011).

3       In *MCGIP*, the court denied a Doe defendant's motion to quash a subpoena issued
4  by the plaintiff to the Doe defendants' ISPs seeking to identify the Doe defendants in
5  the case.  *MCGIP*, 2011 WL 2181620 at *1. The court rejected the Doe defendant's
6  argument that the motion to quash should be granted on the basis of improper joinder,
7  reasoning that while joinder might be found improper at a later stage of the case, when
8  the identities of the Does had been determined, the allegation "that the Doe [d]efendants
9  have infringed [p]laintiff's copyright through 'the same file sharing software program
10 [i.e., BitTorrent] that operates through simultaneous and sequential computer
11 connections and data transfers among the users'" was sufficient to satisfy Rule 20(a) at
12 the pleading stage. *Id.*

13      Similarly, in *Voltage*, the court found joinder under Rule 20(a)(2) was proper
14 where the Doe defendants allegedly downloaded and distributed plaintiff's copyrighted
15 movie using BitTorrent technology. *See Voltage*, 2011 WL 1807438 at *5.  After the
16 court granted the plaintiff leave to subpoena the ISPs in order to identify the putative
17 defendants, 119 putative defendants filed motions to quash the plaintiff's subpoenas.
18 *Id.* at *1-2. Seven of the putative defendants argued that they should be dismissed for
19 improper joinder.  *Id.* at *4. The court, however, found joinder to be proper.  *Id.* In
20 permitting Rule 20(a)(2) joinder, the court relied on the standard set forth in *United*
21 *Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966), where the Court held that "[u]nder
22 the [Federal] Rules [of Civil Procedure], the impulse is toward entertaining the broadest
23 possible scope of action consistent with fairness to the parties; joinder of claims, parties
24 and remedies is strongly encouraged."  *United Mine Workers of Am.*, 383 U.S. at 724.
25 The court also cited Rule 20(a)(2)(A), stating that it "essentially requires claims asserted
26 against joined parties to be 'logically related.'" *Voltage*, 2011 WL 1807438, at *5 (citing
27 ///
28 ///

9

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS

1   *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004)). The *Voltage* court

2   stated:

3           the plaintiff allege[d] that the putative defendants used the BitTorrent
            file-sharing protocol to distribute illegally the plaintiff's motion picture .
4           . . This file-sharing protocol 'makes every downloader also an uploader of
            the illegally transferred file(s). This means that every . . . user who has a
5           copy of the infringing copyrighted material on a torrent network must
            necessarily also be a source of download for that infringing file.'
6

7   *Id.* (quoting plaintiff's complaint). The court therefore permitted the Rule 20(a)(2)

8   joinder because

9           [b]ased on [plaintiff's allegations], the plaintiff's claims against the
            putative defendants are logically related at this stage in the litigation. . . .
10          [and] at this procedural juncture the plaintiff has sufficiently alleged that
            its claims against the putative defendants potentially stem from the same
11          transaction or occurrence, and are logically related.

12  *Id.*

13          Finally, in *Call of the Wild Movie*, after granting the plaintiffs' motion for

14  expedited discovery to obtain identifying information about the Doe defendants in three

15  pending copyright infringement cases, the court denied the ISPs' motion to quash or

16  modify the subpoena. *Call of the Wild Movie*, 770 F. Supp. 2d at 338.  The ISPs and

17  amici urged the court to quash the subpoenas based, in part, upon improper joinder,

18  arguing "that engaging in 'separate but similar behavior by individuals allegedly using

19  the Internet to commit copyright infringement' does not satisfy Rule(a)(2)(A)'s

20  requirement that the claim asserted against the joined defendants arise out of the same

21  transaction, occurrence, or series of transactions or occurrences.'"  *Id.* at 342-43.

22  However the court rejected this argument.  Like the *Voltage* court, the court in *Call of*

23  *the Wild Movies* found that Rule 20(a)(2)(A) "essentially requires claims asserted

24  against joined parties to be 'logically related' . . . [and that] [t]his is a flexible test and

25  courts seek the 'broadest possible scope of action.'"  *Id.* at 342 (citing *Disparte*, 223

26  F.R.D. at 10; *Lane v. Tschetter*, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007)).  The

27  ///

28  ///

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

1   court then found plaintiffs' allegation

2       that the BitTorrent file-sharing protocol 'makes every downloader also an
3       uploader of the illegally transferred file(s)'. . . [and] that the 'nature of a
    BitTorrent protocol [is that] any seed peer that has downloaded a file prior
4       to the time a subsequent peer downloads the same file is automatically a
    source for the subsequent peer so long as that first seed peer is online at the
5       time the subsequent peer downloads a file'

6   was sufficient to establish that "the plaintiffs' claims against the defendants are logically

7   related." *Call of the Wild*, 770 F. Supp. 2d at 343 (quoting complaint).  The court

8   further found the plaintiffs met the requirement that the claims against the putative

9   defendants contain a common question of law or fact, and that joinder would not

10   prejudice the parties or result in needless delay.  *Id.*  While the court recognized "that

11   each putative defendant may later present different factual and substantive legal

12   defenses . . . that does not defeat, at this stage of the proceedings, the commonality in

13   facts and legal claims that support joinder under Rule 20(a)(2)(B)."  *Id.* at 344.

14       Thus, like in *MCGIP*, *Voltage* and *Call of the Wild*, Plaintiff has properly alleged

15   sufficient facts to permit joinder of the Doe Defendants at this stage of the litigation.

16   *See* Complaint, ¶¶ 18-22.  Specifically, like in *Voltage*, Plaintiff has alleged that, "The

17   effect of this [BitTorrent] technology makes every downloader also an uploader of the

18   content."   Complaint ¶ 21.   Thus, like in *MCGIP*, *Voltage* and *Call of the Wild*,

19   Movant's improper joinder argument is premature at this stage of the pleadings and

20   should be denied.

21   **B.**   **Movant's Misjoinder Argument Fails Because of 18 U.S.C. § 2257.**

22       Unlike the case cited by Movant, the Complaint in this matter sets forth a cause

23   of action for unfair business practices based upon each Doe Defendant's criminal

24   violation of the federal record-keeping requirements set forth in 18 U.S.C. § 2257 and

25   28 C.F.R. §§ 75, et seq.  Considered in light of these laws, the Doe Defendants' actions

26   must arise from at least the same series of transactions or occurrences.   To hold

27   otherwise would provide producers of sexually explicit content a technological loophole

28   ///

11

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

1   to avoid compliance with these laws.  Accordingly, the Doe Defendants are properly

2   joined in this matter.

3       A summary of the history and purpose of 18 U.S.C. § 2257 is set forth in

4   *Connection Distributing Co. v. Holder*, 557 F.3d 321, 324-326 (6th Cir. 2009) and *Free*

5   *Speech Coalition v. Gonzales*, 483 F.Supp.2d 1069, 1073-1074 (10th Cir. 2007).  In

6   essence, 18 U.S.C. § 2257 is the codification of the Child Protection and Obscenity

7   Enforcement Act (the "Act"), passed in 1998.  This law was passed to address concerns

8   concerning the production of child pornography by creating reporting and verification

9   requirements for producers of sexually explicit content.  *Connection Distributing*, 557

10  F.3d at 325.  Such sexually explicit content includes computer-based images, as well as

11  non-commercial pornography (that is, pornography distributed for non-pecuniary

12  purposes).  *Id.* at 326, 338.  Significantly, even parts of pictures implicate the Act.  *Id.*

13  at 332.

14      The Act applies to both "primary" and "secondary" producers of sexually explicit

15  content.  *Id.* at 325.  Under the regulations, a "secondary producer" includes "any person

16  who assembles, . . . publishes, duplicates, [or] reproduces" sexually explicit films.  28

17  C.F.R. § 75.1(c)(2).  A "secondary producer" also includes any person who enters into

18  a conspiracy to do any of these acts.  *Id.*

19      As alleged in the Complaint, each of the Doe Defendants have downloaded the

20  at-issue sexually explicit motion picture via BitTorrent.   Complaint ¶¶ 18-22.

21  Specifically, files are downloaded and uploaded by each Doe Defendant in hundreds of

22  individual pieces.  *Id.* at 21.  In doing so, each Doe Defendant is assembling, publishing,

23  duplicating and/or reproducing the sexually explicit motion picture.  Due to the nature

24  of the BitTorrent program, each Doe Defendant has effectively conspired to do so as

25  well.

26      Based on these actions, the Doe Defendants are secondary producers of the

27  content by definition pursuant to 28 C.F.R. § 75.1(c)(2).  To hold otherwise would mean

28  that "secondary producers" of explicit content would be able to distribute their work via

12

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

1    BitTorrent without complying with Act.  Clearly this flies in the face of the plain
2    language and purpose of the Act.

3          Further, the distribution of the motion picture via BitTorrent by numerous people
4    over time must be seen to be arising from at least the same series of transactions or
5    occurrences.  To hold otherwise would create perverse results for the distribution of
6    sexually explicit content.  For example, it would allow multiple "secondary producers"
7    of sexually explicit content who are unknown to each other to each distribute small
8    portions of the content via BitTorrent over time without complying with the Act.  Each
9    piece of the content could be so small, a pixel even, so as to not implicate the Act on its
10   own.  However, once assembled by the BitTorrent program, it would allow for the
11   viewing of the content as a whole.  Once assembled, the entirety of this content would
12   require compliance with the 18 U.S.C. § 2257.  This is problematic in that it is unclear
13   which of the multiple "secondary producers" would be responsible for compliance with
14   the Act.  The language of the Act indicates that they all have this responsibility.  *See*
15   *Connection Distributing*, 557 F.3d at 332 (even parts of pictures implicate the Act).  To
16   hold otherwise would mean none of them do.  Such a holding would lead to further due
17   process implications in that "primary producers" are forced to bare the expense of
18   complying with the Act whereas "secondary producers" are not forced to do the same
19   even though the Act requires it.

20         Thus, to provide uniformity with the Act, the Doe Defendants must have acted at
21   least pursuant to the same series of transactions or occurrences as "secondary producers"
22   of the content.  To hold otherwise creates a loophole for the distribution of sexually
23   explicit content without compliance with the Act.  Accordingly, Movant's argument
24   about improper joinder fails.

25   **C.    Movant's Due Process Arguments Are Unevidenced and Frivolous.**

26         The Motion argues that the joinder of defendants in this action violates the
27   Movant's due process and equal protection rights because the Movant receives no
28   discount on the Court's fees.  This argument is frivolous.  The Motion does not discuss

13

what fees violate Movant's dues process rights nor evidence the payment of any such fees by Movant.  This argument provides no basis for severing any defendants.

## VI.

## <u>CONCLUSION</u>

Movant has failed to cite any authority to provide a basis for quashing the subpoena, issuing a protective order or severing defendants at this stage of the proceedings.  Based on the foregoing, Movant's Motion should be denied.

Dated: October 31, 2011                 KUZNETSKY LAW GROUP, P.C.

                                              By:    /s/ Michael D. Kuznetsky
                                              Michael D. Kuznetsky, Attorney for
                                              Plaintiff, XPAYS, INC., a Delaware
                                              Corporation

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing documents described as **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS** with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on October 31, 2011.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed on October 31, 2011, at Toluca Lake, California.

/S/ Michael Kuznetsky
MICHAEL D. KUZNETSKY