Michael D. Kuznetsky, Esq., SBN 241045
mike@kuzlaw.com
KUZNETSKY LAW GROUP, P.C.
10 Universal City Plaza, Suite 2000
Universal City, CA 91608
(818) 753-2450, Fax: (818) 736-9099

Michael W. Fattorosi, Esq., SBN 193538
michael@fattlegal.com
LAW OFFICES OF MICHAEL W. FATTOROSI
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
(818) 881-8500, Fax: (818) 881-9008

Attorneys for Plaintiff, XPAYS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XPAYS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1 through 995, <br><br> Defendants. | CASE NO. CV 11-05880 ODW (FFMx) <br><br> [Assigned to the Honorable Otis D. Wright II, Courtroom 11] <br><br> **PLAINTIFF'S EX PARTE APPLICATION TO EXTEND TIME FOR SERVICE OF THE COMPLAINT; DECLARATION OF MICHAEL D. KUZNETSKY IN SUPPORT; [PROPOSED] ORDER** <br><br> Complaint Filed: July 18, 2011 <br> Trial Date: Not Set |

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

   NOTICE IS HEREBY GIVEN that, pursuant Federal Rule of Procedure, Rules 4(m) and 6(b)(1)(A), Plaintiff, XPAYS, INC. respectfully applies ex parte for an Order extending the time to serve the Complaint in this matter.

   Good cause exists for this ex parte application inasmuch as deadline to serve the defendants is currently November 15, 2011.  However, many of the DOE defendants

identified in the Complaint are currently known to Plaintiff only by his/her Internet Protocol ("IP") address. Further discovery is needed to identify said DOE defendants so that Plaintiff may proceed against them in this matter. Specifically, Plaintiff is awaiting the identifying information from many of the DOE defendants in this matter from their respective Internet Service Providers ("ISPs").

Notice of this ex parte application was not given because no defendant has been served in this action.

This application is based upon this Notice of Application, the accompanying Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice.

Dated: October 31, 2011                By:     /s/ Michael D. Kuznetsky
                                                Michael D. Kuznetsky, Attorney for
                                                Plaintiff, XPAYS, INC., a Delaware
                                                Corporation

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, XPAYS, INC., by and through undersigned counsel, brings this ex parte application for an Order extending the time to serve the Complaint in this matter pursuant to FRCP 4(m) and 6(b)(1)(A).

## I.
## INTRODUCTION

Plaintiff XPAYS, INC. is a Delaware Corporation with its principal place of business in San Francisco County, California. Plaintiff was and is in the business of licensing, marketing and otherwise exploiting adult entertainment motion pictures in various media. In particular, Plaintiff is the owner of rights in the valid registered copyright for the motion picture entitled "Home Video," also known as the "Paris Hilton Sex Tape" (hereinafter referred to as the "Motion Picture"), United States Copyright Registration Number PAu2-780-223.

Defendant DOES 1 through 995 are individuals whose true names and addresses are currently unknown to Plaintiff. DOES 1 though 995 have unlawfully reproduced and distributed the Motion Picture on the Internet without authorization from Plaintiff. However, Plaintiff initially could only identify these particular infringers by way of investigation.

On July 21, 2011, the Court granted Plaintiff's ex parte application for expedited discovery to allow Plaintiff to subpoena this information. [DE 7].

## II.
## RELEVANT PROCEDURE HISTORY

The Complaint was filed in this matter on July 18, 2011. On July 20, 2011, Plaintiff filed an ex parte application for expedited discovery. [DE 6]. The purpose of this motion was to allow Plaintiff to issue subpoenas to the nine relevant Internet Service Providers ("ISPs") to obtain the identifying information of each of the DOE defendants. On July 21, 2011, the Court issued an Order granting the ex parte application. [DE 7].

1    Subpoenas were then drafted and sent out for service on each of the nine relevant
2    ISPs in this matter on July 22, 2011. Declaration of Michael D. Kuznetsky ("Kuznetsky
3    Decl.") ¶ 5. On or about August 1, 2011, Plaintiff's counsel was contacted by their
4    process server and was informed that a subpoena was rejected by Verizon's agent for
5    service of process. The reason was that the ISP information on the subpoena did not
6    exactly match the agent's records. Thereafter, Plaintiff's counsel undertook further
7    research efforts to ascertain the exact information needed to properly serve the
8    subpoena. On August 1, 2011, a revised subpoena was issued for Verizon. Kuznetsky
9    Decl. ¶ 6. The information used to correctly identify each of the ISPs in the subpoenas
10   was obtained at considerable cost to Plaintiff's counsel. Kuznetsky Decl. ¶ 7.

11   Plaintiff has entered into agreements with four of the ISPs establishing a time
12   schedule for production of the identifying information for the subpoenaed IP addresses.
13   These agreements were entered into as a compromise between Plaintiff and the ISPs as
14   a matter of judicial economy. The ISPs alleged that production of the subpoenas all at
15   once was allegedly unduly burdensome, and the parties voluntarily sought to resolve this
16   dispute without Court intervention. Such agreements include obtaining the identifying
17   information of approximately 40 to 50 IPs per month per ISP, notwithstanding any
18   motions to quash that may be filed which would delay the release of this information.
19   Kuznetsky Decl. ¶ 8. Based thereon, Plaintiff has yet to receive the identifying
20   information for all DOE defendants in this matter. Kuznetsky Decl. ¶ 9.
21   ///
22   ///
23   ///

## III.

## EX PARTE RELIEF IS WARRANTED AND GOOD CAUSE EXISTS FOR THE COURT TO EXTEND TIME TO SERVE THE COMPLAINT

Pursuant to Fed.R.Civ.P 4(m), the deadline to serve the Complaint is currently November 15, 2011. However, if a plaintiff shows good cause for the failure to timely effect service, "the court *must* extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m) (emphasis added). Likewise the Court can grant an extension of time for an act to be done within a specified time upon a showing of good cause with or without a motion before the time has expired. Fed.R.Civ.P. 6(b)(1)(A). From the time of filing the Complaint, Plaintiff has made and continues to make reasonable efforts to identify each of the defendants in this matter so that they may be served. However, Plaintiff is still awaiting much of this information. Thus, good cause exists for to extend the time to serve the Complaint. Kuznetsky Decl. ¶¶ 4, 9.

Upon the filing of the Complaint, each of the DOE defendants identified in the Complaint were known to Plaintiff only by his/her Internet Protocol ("IP") address. Accordingly, Plaintiff is currently and diligently attempting to ascertain their identifying information. In particular, Plaintiff has subpoenaed all such identifying information, stipulated to a timeline for the production of such information with the relevant ISPs, and is currently awaiting receipt of all of such identifying information.

Plaintiff is currently unable to identify many of the DOE defendants other than by their IP addresses. Further discovery is needed to in order to allow Plaintiff to subpoena information identifying said DOES in order to proceed with the litigation of this matter. Without such information, Plaintiff is unable to serve the Summons and Complaint or in any other way proceed with the litigation of this matter against many of the DOE defendants. The only known means for Plaintiff to identify the DOE defendants is through the subpoenas the Plaintiff has diligently issued.

///

Courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, since Plaintiff has shown good cause for the failure to timely effect service, Plaintiff respectfully requests that the Court extend time for service for 90 days pursuant to FRCP 4(m). Likewise, ex parte relief is warranted, as the deadline to serve the Complaint is currently November 15, 2011.

## IV.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court issue an Order granting Plaintiff an extension of a ninety (90) days to effect service of the Complaint in this matter pursuant to FRCP 4(m) and 6(b)(1)(A).

Respectfully Submitted,

Dated: October 31, 2011    By:   /s/ Michael D. Kuznetsky
                                 Michael D. Kuznetsky, Attorney for
                                 Plaintiff, XPAYS, INC., a Delaware
                                 Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing documents described as **PLAINTIFF'S EX PARTE APPLICATION TO EXTEND TIME FOR SERVICE; DECLARATION OF MICHAEL D. KUZNETSKY IN SUPPORT; [PROPOSED] ORDER** with the Clerk of the Court for the United States District Court for the Central District of California by using the appellate CM/ECF system on October 31, 2011.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed on October 31, 2011, at Toluca Lake, California.

 /s/ Michael Kuznetsky
MICHAEL D. KUZNETSKY