```
 1  MICHAEL B. STONE, ESQ., Bar #160177
    Attorney at Law
 2  3020 Old Ranch Parkway, Suite 300
    Seal Beach, CA 90740
 3  (310) 776-7500
    (310) 861—0647 Fax
 4  michael.b.stone@att.net

 5  Attorney for Specially
    Appearing Defendant
 6  Alleged Doe 96.247.126.15

 7

 8                  UNITED STATES DISTRICT COURT

 9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  XPAYS, INC., a Delaware        )   No. CV11-5880 ODW (FFMx)
    corporation,                   )
12                                 )   AMENDED NOTICE AND MOTION:
             Plaintiff,            )   1) QUASH SUBPOENA; and
13                                 )   2) SEVER DEFENDANTS;
        vs.                        )   MEMORANDUM OF POINTS AND
14                                 )   AUTHORITIES AND DECLARATION
    DOES 1-995,                    )   OF MICHAEL B. STONE, ESQ.,
15                                 )   IN SUPPORT THEREOF
             Defendants.           )
16                                 )
                                   )   Date:  November 29, 2011
17                                 )   Time:  10:00 A.M.
                                   )   Place: 312 N. Spring Street
18                                 )          Courtroom E
                                   )          Los Angeles,
19                                 )          California
                                   )
20                                 )   Before the Honorable
                                   )   Frederick F. Mumm,
21  _____  )   U.S. Magistrate Judge

22
```

23      **TO PLAINTIFF, XPAYS, INC., and its attorneys of**

24  **record:**

25      **NOTICE IS HEREBY GIVEN THAT** on November 29, 2011 at

26  10:00 A.M. or as soon thereafter as the matter may be heard

27  in Courtroom E of the above-entitled Court located at 312

28  N. Spring Street, Los Angeles, California, specially

---

**AMENDED MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS- 1**

1 appearing Defendant, ALLEGED DOE 96.247.126.15 ("Doe"),
2 will move, and hereby does move, the Court for the
3 following relief:
4     1) An order, pursuant to Rules 11(b) and 26(c)(1) of
5 the *Federal Rules of Civil Procedure*, quashing a certain
6 subpoena from the U.S. District Court for the Northern
7 District of Texas in this case.
8     2) An order, pursuant to Rules 20 and 41 of the
9 *Federal Rules of Civil Procedure* severing all of the DOE
10 Defendants in this action as improperly joined, and
11 dismissing Defendant ALLEGED DOE 96.247.126.15 from the
12 action as improperly joined.
13     This Motion is based upon this Notice of Motion; the
14 attached Memorandum of Points and Authorities; the attached
15 Declaration of Michael B. Stone and exhibits attached
16 thereto; upon the complete files and records of this
17 action; and upon such oral and/or documentary evidence as
18 may be presented at the hearing.
19     This Notice of Motion supersedes the Notice of Motion
20 previously docketed for November 21, 2011 before the
21 Honorable Otis D. Wright II.
22 Dated: November 8, 2011    **LAW OFFICES OF MICHAEL B. STONE**

                                                    /S/MICHAEL B. STONE, ESQ.
                                                    Attorney at Law
                                                    Attorney for Defendant
                                                    ALLEGED DOE 96.247.126.15

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. INTRODUCTION**

On September 30, 2011, the custodian of records of Internet Service Provider ("ISP") Verizon Communications ("Verizon") served its subscriber, Alleged Doe 96.247.126.15 by mail with a copy of a subpoena requesting Defendant's identifying information. (the "Subpoena")(Page Three of *Exhibit A*).

Alleged Doe 96.247.126.15, who respectfully requests not to be required to reveal his or her identity until lawfully subpoenaed, moves to quash the "Subpoena" both because it is unduly burdensome, and because Doe was improperly joined as a defendant in this action.

**2. THE DOCUMENT PURPORTING TO BE A SUBPOENA SHOULD BE QUASHED BECAUSE IT IS UNDULY BURDENSOME GIVEN THE CIRCUMSTANCES OF THIS LITIGATION**

On October 5, 2011, the U.S. District Court for the Eastern District of Virginia ordered a subpoena quashed in similar circumstances to those at bar. *K-Beech, Inc. v. John Does 1-85*, 3:11-CV-00469-JAG, Doc #9 (E.D. Va., Oct. 5, 2011).

> "The plaintiff has failed to demonstrate any right to relief against the defendants arising out of the same transaction, occurrence, or series of transactions or occurrences... The Court also finds that the plaintiffs should be required to show cause why certain conduct does not violate Rule 11 of the *Federal Rules of Civil Procedure*.
>
> "In [similar cases], the plaintiffs sought, and the Court granted, expedited discovery allowing the plaintiffs to subpoena information from ISPs to identify the Doe defendants. According to some of the defendants, the plaintiffs then contacted the John Does . . . with harassing telephone calls, demanding [compensation] to end the litigation.

> "When any of the Doe defendants have filed a motion to dismiss or sever themselves from the litigation, however, the plaintiffs have immediately voluntarily dismissed them as parties to prevent the defendants from bringing their motions before the Court for resolution.
>
> "This course of conduct indicates that the Plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather have simply used the court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever a suggestion of a ruling on the merits of their claims appears on the horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.
>
> "**The plaintiff's conduct in these cases indicates an improper purpose for the suits. In addition, the joinder of unrelated defendants does not seem to be warranted by existing law or a nonfrivolous extension of existing law. . . . Plaintiff and its counsel [will] show cause why the conduct . . . does not violate Rule 11(b)."** (Emphasis added.)

As in *K-Beech, Inc.*, *supra,* the subpoena issued to Doe was incident to a lawsuit filed for an improper purpose in violation of Rule 11. It is therefore unduly burdensome to Doe and should be quashed pursuant to Rule 26(c)(1).

3.  **THIS DEFENDANT AND OTHER DOE DEFENDANTS GREATER THAN 1 SHOULD BE SEVERED FROM THIS ACTION AND DISMISSED PURSUANT TO RULE 21**

*Federal Rule of Civil Procedure* 21 provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party."

Plaintiff's law firm has filed numerous lawsuits against tens or hundreds of DOE defendants; among their other legal

theories are that all individual BitTorrent users are co-conspirators with one another.  Numerous judges of this Court and of other courts have rejected this theory and have routinely ordered severance and dismissal of all Doe defendants greater than 1 pursuant to Rule 21.

"Courts around the country, including this Court, have found that allegations that Doe defendants used the same peer-to-peer network to infringe a plaintiff's copyrighted work are insufficient for joinder of multiple defendants under Rule 20." *Boy Racer v. Does 1-60*, No. 11-CV-01738-SI Doc #24 (N.D. Cal., Aug. 19, 2011):

> The nature of the BitTorrent protocol does not justify joinder of these otherwise unrelated Doe defendants.  The BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-peer protocols where this Court and other courts have found joinder improper.  Allegations that defendants used a single peer-to-peer network to download plaintiff's works — on different days, at different times, and through different ISPs — is insufficient to allow plaintiff to litigate against sixty different defendants in one action.  Because Doe defendants 2—60 were improperly joined in this matter, the Court is authorized under Rule 21 to "drop" these defendants.

Further, unlike Plaintiff who, by joining hundreds of unrelated cases, receives a 99.5% discount on court filing fees, Doe receives no discount on this Court's fees.  This practice violates Doe's due process and equal protection rights of equal access to the courts and creates the appearance of bias.

/ / /

**4.   MOVANT REQUESTS THAT THE COURT HEAR AND CONSIDER THIS MOTION NOTWITHSTANDING THE TERMS OF THE JULY 21, 2011 EX PARTE DISCOVERY ORDER.**

Doe wasn't served with the ex parte discovery order, only the subpoena and the accompanying letter from Verizon that said he or she had 30 days to contest the subpoena.  Therefore, Doe reasonably and excusably believed that there were 30 days within which to contest the Subpoena — instead of the 21 days, inclusive of mailing, from the date the subpoena is mailed by the ISP, contained in the Court's ex parte discovery order.

Movant objects to the Court's short deadline, of which he or she was unaware, as violative of due process. Alternatively, Movant respectfully requests that this Motion to Quash and Sever heard and considered by the Court notwithstanding the terms of the ex parte discovery order.

**5.   CONCLUSION**

The subpoenas must be quashed because they impose an undue burden on Movant that raises significant constitutional questions.  More fundamentally, the subpoenas must be quashed because they are in aid of an underlying case that itself must be dismissed for lack of proper motive under Rule 11. It is improper to impose on movant the burden of any subpoena — particularly one that raises privacy issues — in aid of a case that should not be in court to begin with.

For the foregoing reasons, Defendant ALLEGED DOE 96.247.126.15 respectfully submits that this Motion to Quash Subpoena and to Sever should be granted.

**AMENDED MOTION TO QUASH SUBPOENA AND SEVER DEFENDANTS- 6**

**6.   REQUEST FOR PROTECTIVE ORDER**

Defendant ALLEGED DOE 96.247.126.15 requests that his or her identity be protected, and that Plaintiffs should be ordered not to publicly file any document tending to reveal his or her identity without prior order of the Court.

Dated: November 8, 2011         LAW OFFICES OF MICHAEL B. STONE

```
                                _____
                                /S/MICHAEL B. STONE, ESQ.
                                Attorney at Law
                                Attorney for Specially
                                Appearing Defendant
                                ALLEGED DOE 96.247.126.15
```

**DECLARATION OF MICHAEL B. STONE**

**IN SUPPORT OF MOTION TO QUASH SUBPOENA**

1. My name is Michael B. Stone. I am a member of the Bar of this Court and I am the attorney of record for Alleged Doe 96.247.126.15. The following is true of my personal knowledge and, if called as a witness, I could and would testify truthfully to the following:

2. On September 30, 2011, Verizon Online ("Verizon") received a document dated August 1, 2011, titled Subpoena bearing this case number and the title "Northern District of Texas" (the "Subpoena") (page three of *Exhibit A*).

3. There is no indication that my client was served with the July 21, 2011 ex parte discovery order in this case. Based on the letter he or she received from Verizon, he or she reasonably and excusably believed that he or she had 30 days within which to contest the Subpoena (instead of the 21 days, inclusive of mailing, from the date the subpoena is mailed by the ISP, contained in the ex parte discovery order). Movant therefore requests leave to have this Motion to Quash heard and considered by the Court notwithstanding the terms of the ex parte discovery order.

4. I was not retained in this matter until October 26, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Henderson, Nevada this 8th day of November, 2011.

/S/MICHAEL B. STONE

# EXHIBIT A

9/30/2011

**READ AT ONCE**

COURT-DIRECTED NOTICE
REGARDING ISSUANCE OF SUBPOENA
SEEKING DISCLOSURE OF YOUR IDENTITY

Verizon Online, as your Internet Service Provider, recently received a legal document called a subpoena. Absent action by you, the subpoena requires us to disclose your name, address and other information. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the Central District of California.

The Plaintiffs have filed a lawsuit alleging that various people have perhaps infringed their copyrights by illegally downloading and/or distributing a movie. However, the Plaintiffs do not know the actual names or addresses of these people – only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity.

Accordingly, Plaintiffs have filed lawsuits against so-called anonymous "John Doe" defendants and issued subpoenas to determine the identity of these people (the so-called "John Does." The Plaintiffs have asked us to disclose your identification information to them, including your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking information and please find the IP address at the end of this letter that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the (The plaintiffs will have to prove that you illegally used the internet to download or upload the particular movie. We do not have records that would prove or disprove that fact; we simply have records that show that an IP address was assigned to a specific customer at a specific time. It may be that someone else, for a variety of reasons, was using the IP address).

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiffs receive your information from your Internet Service Provider, you will likely be added as a named defendant to their lawsuit.

INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED.
BUT IT WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT
CHALLENGE THE SUBPOENA.

Your identifying information has not yet been disclosed to the Plaintiffs.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. We cannot advise you about what grounds exist, if any, to challenge this subpoena. If you would like legal advice you should consult an attorney. Within this notice you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit

EXHIBIT A-1

If you want to prevent being identified, you have 30 days from the date of this notice to file a motion to quash or vacate the subpoena and notify Verizon Online that you have done so. If you need more than 30 days to file such a motion or find a lawyer to assist you, you can file a motion asking for an extension of time; you should notify Verizon Online if you file a motion asking for more time.
The appropriate address to send such notices to Verizon is:

Verizon Legal Compliance
Custodian of Records
P.O. Box 1001
San Angelo, TX 76902

Fax Number: 325-949-6916

Please provide us with a copy of the filed motion to quash the subpoena, your identity will not be disclosed until the court makes a decision on your motion.
If you do nothing, then after 30 days we are compelled to send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at http://www.abanet.org/lawyerlocator/searchlawyer.html

The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users. They have created a website that lists attorneys who information about the lawsuit that has been filed against you as well as similar lawsuits:

https://www.eff.org/issues/file-sharing/subpoena-defense

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at (818) 881-8500, by fax at (818) 881-9008.

But please understand that these lawyers represent the company that is trying to sue you. They can speak with you about settling the lawsuit, if you wish to consider that. At the same time, you must be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.

**EXHIBIT A-2**

96.247.126.15     3/15/2011 7:47:41 AM     GMT

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| XPAYS, INC., a Delaware Corporation, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. CV 11-5880 ODW (FFMx) |
| DOES 1 through 995, | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Central District of California ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon Online LLC, Verizon Legal Compliance, TXD01813
P.O. Box 1001, San Angelo, TX 76902

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Information, including name, address, telephone numbers; e-mail address and Media Control Addresses, sufficient to identify and contact all persons whose IP addresses are included in the attached list. Note that I am happy to provide this list in whatever format is most convenient for you.

| Place: Law Offices of Michael W. Fattorosi 5850 Canoga Ave. Ste. 400, Woodland Hills, CA 91367 | Date and Time: 09/06/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/01/2011

CLERK OF COURT

OR

_____   /s/ [signature]
Signature of Clerk or Deputy Clerk      Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff, XPAYS, INC., a Delaware Corporation, who issues or requests this subpoena, are:
Michael W. Fattorosi, Esq., Law Offices of Michael W. Fattorosi     818-881-8500 phone, 818-881-9008 fax
5850 Canoga Ave. Ste. 400, Woodland Hills, CA 91367                 michael@fattlegal.com

EXHIBIT A-3